UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>J. QUIRING, *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-01933-JDP (PC)<br><br>**ORDER**:<br><br>(1) FINDING THAT THE COMPLAINT STATES A COGNIZABLE FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST DEFENDANT QUIRING<br><br>(2) DIRECTING PLAINTIFF TO INDICATE WHETHER HE WISHES TO PROCEED WITH CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR DELAY SERVICE AND FILE ANOTHER AMENDED COMPLAINT<br><br>(3) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO AMEND COMPLAINT<br><br>ECF Nos. 2, 5, & 6 |

      Plaintiff, a state prisoner, alleges that defendant Quiring violated his due process rights by refusing to allow him to call a witness at a disciplinary hearing at which he was found guilty. ECF No. 6 at 3-4. This claim is viable for screening purposes. By contrast, plaintiff's supervisory claim against Warden Patrick Covello is non-cognizable. Plaintiff must decide

1

whether to proceed with the claims deemed cognizable or delay serving any defendant and file an amended complaint. I will grant his application to proceed *in forma pauperis* and his motion to amend. ECF Nos. 2 & 5. I have considered the amended complaint in this screening order.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on December 22, 2022, he received a disciplinary violation at Richard J. Donovan Correctional Facility. ECF No. 6 at 3. After being transferred to Mule Creek State Prison with the disciplinary violation still pending, a hearing was held before defendant Quiring. *Id.* Plaintiff claims that Quiring refused to allow him to call a witness, thereby violating his due process rights. *Id.* Prisoners are entitled to call witnesses in their disciplinary hearings, provided that doing so is not hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, this claim is cognizable. By contrast, with respect to defendant Covello, plaintiff alleges only that he knew about the violation but did not act to correct it. ECF No. 6 at 4. Plaintiff provides no specific detail as to how the warden was made aware of the violation or what his specific involvement in the disciplinary proceedings were. This claim amounts to the kind of impermissibly vague claim that the Supreme Court has held does not meet pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff shall, within thirty days of this order's entry, indicate in writing whether he intends to (1) proceed only with the cognizable claim against Quiring or (2) submit an amended complaint. He is advised that if he selects the latter option, the new amended complaint must be complete in itself and that it will entirely supersede his current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). It should be titled "Second Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, plaintiff shall either inform the court in writing of his intention to proceed with the claim deemed cognizable in the current complaint, or he shall file an amended complaint.

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

4. Plaintiff's motion for leave to amend, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

Dated:    October 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE