1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYON JONES,                                   Case No.  2:24-cv-1933-JDP (P)

12                    Plaintiff,

13           v.                                       ORDER

14    J. QUIRING, *et al.*,

15                    Defendants.

16

17

18           Plaintiff brings this action against defendants Quiring and Covello, alleging that his due

19    process rights were violated in connection with a disciplinary hearing.  ECF No. 11 at 3.  The

20    complaint, as articulated, still fails to state a cognizable claim against any defendant.  I will

21    dismiss the complaint and give plaintiff one final opportunity to amend.

22                                            **Screening Order**

23    **I.      Screening and Pleading Requirements**

24           A federal court must screen a prisoner's complaint that seeks relief against a governmental

25    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

26    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

27

28

                                                      1

1    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20         **II.     Analysis**

21         Plaintiff alleges that he was issued a rules violation report in December 2022.  ECF No.

22   11 at 3.  In January 2023, he was convicted of the rules violation at a disciplinary hearing

23   presided over by defendant Quiring.  *Id.*  Plaintiff alleges that Quiring violated his due process

24   rights at the hearing by denying his request to call a witness.  *Id.*  Inmates have a due process

25   right to call witnesses when permitting them to do so "will not be unduly hazardous to

26   institutional safety or correctional goals."  *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

27   Plaintiff does not allege what reason, if any, was provided for the denial.  As such, I cannot tell

28   whether the denial gives rise to a cognizable due process claim.  *See Urmancheev v. Ndoh*, No.

                                          2

1   1:21-cv-00255-JLT-HBK (PC), 2023 U.S. Dist. LEXIS 218530, *16-17 (E.D. Cal. Dec. 7, 2023)

2   (finding that the complaint did not state a viable claim where the plaintiff failed to allege the

3   circumstances surrounding the denial of his requested witness).

4          Plaintiff's claim against Warden Covello fares no better.  He does not allege this

5   defendant had any personal involvement in the disciplinary hearing.  Rather, he alleges only that

6   he named the warden to "effectuate the preliminary injunctive relief that [he] seeks."  ECF No. 11

7   at 4.  This is not a substantive claim and does not save the complaint.

8          I will dismiss plaintiff's complaint with leave to amend so that he may attempt to remedy

9   these deficiencies.  Plaintiff is advised that the amended complaint will supersede the current

10  complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The

11  amended complaint should be titled "Third Amended Complaint" and refer to the appropriate

12  case number.  This will constitute his final opportunity to amend; if the next complaint also fails

13  to state any viable claim, I will recommend that this action be dismissed.

14      Accordingly, it is hereby ORDERED that:

15          1.  Plaintiff's complaint, ECF No. 11, is DISMISSED with leave to amend.

16          2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

17  complaint or (2) notice of voluntary dismissal of this action without prejudice.

18          3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

19  result in the imposition of sanctions, including a recommendation that this action be dismissed

20  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

21          4.  The Clerk of Court shall send plaintiff a complaint form with this order.

22

23  IT IS SO ORDERED.

24
    Dated:    February 28, 2025                    _____
25                                                 JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                3