UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES, | Case No. 2:24-cv-1933-JDP (P) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| J. QUIRING, *et al.*, | |
| Defendants. | |

On March 3, 2025, I screened plaintiff's complaint and notified him that all the claims could not proceed together. ECF No. 13. I ordered him to file, within thirty days, an amended complaint or a notice to proceed with certain claims. *Id.* To date, plaintiff has not filed any response.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1

     I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to file an amended complaint or notice of voluntary dismissal of this action. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint or notice of voluntary dismissal of this action.

IT IS SO ORDERED.

Dated:   April 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2