UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>             Plaintiff,<br><br>      v.<br><br>J. QUIRING,<br><br>             Defendant. | Case No.  2:24-cv-1933-TLN-JDP (P)<br><br>ORDER;<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state inmate proceeding pro se, has filed a motion seeking injunctive relief in the form of a protective order due to death threats plaintiff has received from other inmates.  ECF No. 30.  Plaintiff has also filed a request to have an in-person settlement conference.  ECF No. 33.  For the reasons described below, I will deny plaintiff's later motion and recommend that his motion for injunctive relief be denied.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right").  Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners," and must not "allow constitutional

1

1    violations to continue simply because a remedy would involve intrusion into the realm of prison
2    administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).
3        A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the
4    merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the
5    balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555
6    U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant
7    compared with the burden on the government defendants if an injunction is ordered. *Id.* The
8    public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted).
9    Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional
10   rights." *Id.* (citation omitted).
11       Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction,
12   injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very
13   serious damage will result' that is not 'capable of compensation in damages,' and the merits of
14   the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting
15   *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).
16   Further, under the Prison Litigation Reform Act, which applies here, injunctive relief must be
17   narrowly drawn and must be the least intrusive means necessary to correct the harm. 18 U.S.C.
18   § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).
19       Plaintiff's motion should be denied because he has failed to address the *Winter* factors.
20   *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is
21   likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
22   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
23   public interest.").
24       While the motion could be denied for that reason alone, denial would be appropriate
25   anyway since it seeks relief that is divorced from the complaint's allegations. Plaintiff's
26   complaint seeks relief arising from Quiring's violation of his Fourteenth Amendment rights
27   during a disciplinary proceeding that occurred in 2022 at Mule Creek State Prison. ECF No. 15.
28   But here, plaintiff seeks relief relating to alleged threats from unknown inmates at Salinas Valley

1   State Prison.  Because plaintiff's requested relief is disconnected from the claims in his
2   complaint, plaintiff's motion should be denied.  *See Pac. Radiation Oncology, LLC v. Queen's*
3   *Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on
4   claims not pled in the complaint, the court does not have the authority to issue an injunction.").
5   Further, plaintiff's request would seek to enjoin non-parties—unnamed inmates—to this action,
6   which would be impermissible here.  *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A
7   federal court may issue an injunction if it has personal jurisdiction over the parties and subject
8   matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before
9   the court.").

10   Further, courts will not unreasonably interfere with prison operations, which appears to be
11   what plaintiff seeks.  *See Turner v. Safley*, 482 U.S. 78, 884-85 (1987); *Bell v. Wolfish*, 441 U.S.
12   520, 562 (1979) (admonishing federal courts to avoid "becom[ing] increasingly enmeshed in the
13   minutiae of prison operations"); *Wylie v. Montana Women's Prison*, 2014 WL 6685983, at *3 (D.
14   Mont. Nov. 25, 2014) (denying preliminary injunction and declining to "interfere with day-to-day
15   prison administrative decisions").

16   Plaintiff has failed to meet the especially high burden necessary for an ex parte temporary
17   restraining order.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.
18   2006) (noting that a temporary restraining order may issue ex parte only if it clearly appears that
19   immediate and irreparable harm will occur in its absence and emphasizing that "our entire
20   jurisprudence runs counter to the notion of court action taken before reasonable notice and an
21   opportunity to be heard has been granted to both sides of a dispute").  Accordingly, I recommend
22   that the motion for injunctive relief be denied.

23   Additionally, plaintiff's motion for an in-person settlement conference is denied.  The
24   court set a settlement conference before the Honorable Dennis M. Cota on October 28, 2025.
25   ECF No. 24.  The minutes from the settlement conference show that plaintiff refused to appear at
26   the settlement conference.  ECF No. 28.  The court provided plaintiff with an opportunity to
27   engage in settlement discussions and plaintiff choose not to attend.
28

Accordingly, it is hereby ordered that plaintiff's motion for an in-person settlement conference, ECF No. 33, is DENIED.

Further, it is hereby RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 30, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE