UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYON JONES,

Plaintiff,

v.

J. QUIRING,

Defendant.

Case No. 2:24-cv-1933-JDP (P)

ORDER

Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendants violated his Fourteenth Amendment due process rights. ECF No. 16. Pending is plaintiff's motion to compel, ECF No. 48, that defendants have opposed, ECF No. 49. The motion to compel is, for the reasons stated below, denied.

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement

any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

The motion appears to argue that defendant failed to produce plaintiff's own third amended complaint in discovery. ECF No. 48 at 1. Defendant indicates, in his response, that he complied with plaintiff's request and sent a copy of the complaint. ECF No. 49 at 3. Plaintiff has not filed a reply disputing this contention. Additionally, it is unclear to me why a copy of plaintiff's own complaint is being sought from the defendant, when that document should be within his own possession.

Based on the foregoing, it is ORDERED that plaintiff's motion to compel, ECF No. 48, is DENIED.

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE